THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EUGENE ONODY, Appellant.

Argued February 27, 1947; decided April 17, 1947.

*Michael M. Platzman* for appellant. I. The information and proof did not establish a violation of section 483 of the Penal Law. (*People* v. *Hopkins,* 208 App. Div. 438, 239 N. Y. 589; *People* v. *Lindloff,* 259 App. Div. 749; *Manhattan Co.* v. *Kaldenberg,* 165 N. Y. 1; *People ex rel. Hunt* v. *Lane,* 132 App. Div. 406, 196 N. Y. 520; *People* v. *Schwartz,* 183 App. Div. 367; *Cowley* v. *People,* 83 N. Y. 464; *Stenson* v. *Flick Construction Co.,* 146 App. Div. 66, 203 N. Y. 553.) II. Even if guilty of one of the crimes charged, the sentence should be reviewed. (*Fitzgerrold* v. *People,* 49 Barb. 122, 37 N. Y. 413; *People* v. *Bork,* 1 N. Y. Crim. Rep. 393; *Matter of Mix,* 274 N. Y. 183.)

*Samuel J. Foley,* District Attorney (*George Tilzer* and *Herman J. Fliederblum* of counsel), for respondent. I. The information properly charged, and the evidence established, that defendant violated the provisions of section 483 of the Penal Law. (*People* v. *Farson,* 244 N. Y. 413; *People* v. *Gibson,* 232 N. Y. 458; *People* v. *Hopkins,* 208 App. Div. 438, 239 N. Y. 589; *People* v. *Reger,* 290 N. Y. 641; *People* v. *Jaffe,* 256 App. Div. 915; *People* v. *Cummins,* 209 N. Y. 283; *People* v. *Dimick,* 107 N. Y. 13; *Hope* v. *People,* 83 N. Y. 418; *Phelps* v. *People,* 72 N. Y. 365.) II. The sentence was proper and should not be disturbed. (*People* v. *Thompson,* 251 N. Y. 428.)

*Per Curiam.* There was ample proof to sustain the defendant's conviction under the second count based on subdivision 2 of section 483 of the Penal Law for having placed a child of eleven years in such a situation that her morals were likely to be impaired. The defendant contends that such a conclusion is in conflict with *People* v. *Lindloff* (259 App. Div. 749). We do not think the statute can be so narrowly construed as to exclude from its terms the indecent treatment to which the child was subjected in this case, and if the decision in the *Lindloff* case (*supra*) is to the contrary we disapprove it. The defendant in this case was also charged in the third and fourth counts with assault in the third degree. These counts were sufficient and were amply sustained by the evidence (*People* v. *Gibson,* 232 N. Y. 458).

The first count of the information charged a violation of subdivision 1 of section 483 of the Penal Law alleging that the defendant caused the morals of the child " to become depraved ". There was no evidence that the child's morals actually did become depraved, and accordingly the evidence was not sufficient to warrant conviction under this count (*People* v. *Hopkins,* 208 App. Div. 438). The sentence was authorized and there is no reason for remitting the case to Special Sessions for review thereof (Correction Law, § 203, subds. [a], [b]).

The judgment should be affirmed.

Loughran, Ch. J., Lewis, Conway, Desmond, Thacher, Dye and Fuld, JJ., concur.

Judgment affirmed.