■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALES GILBERT PECK, Appellant.— MEMORANDUM BY THE COURT. Although the District Attorney might have been better advised to have disqualified himself and have thus avoided even the appearance of any impropriety, there is no indication of any illegal or improper act on his part, and, after a hearing, the County Court so found. All the facts were known to the defendant and to the able and experienced lawyer who represented him and it is clear that each considered that the plea entered was to defendant's advantage and chose not to pursue any of the remedies then available. Under the circumstances *coram nobis* is not available. (See *People* v. *Brown*, 7 N Y 2d 359, mot. for rearg. den. 12 N Y 2d 1022, cert. den. 365 U. S. 821; *People* v. *Moore*, 284 App. Div. 925.) Neither may that remedy be employed to examine the sufficiency of the evidence before the Grand Jury. (*People* v. *Darling*, 16 A D 2d 994, cert. den. 372 U. S. 924, 377 U. S. 1005.) Order dismissing application in the nature of a writ of error *coram nobis* affirmed. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARL ROBERT BERGERSON, Appellant.— TAYLOR, J. This is an appeal from a judgment of the County Court of Columbia County convicting defendant of a violation of subdivision 2 of section 483 of the Penal Law for having placed one Connor, an infant aged 15 years, in such a situation that his life or limb was endangered or his health or morals likely to be impaired as charged in the second count of the indictment. Defendant was acquitted on its first count which charged a violation of subdivision 1 of section 483 in respect to one Higgins and also on counts third and fourth which charged violations of subdivision 2 in respect to two other minors. The theory of the prosecution was that defendant was instrumental in arranging a beer-drinking party in his home at which Connor and the three other teen-agers became intoxicated and in that state were permitted, unescorted, to leave the premises in the late evening. It is not argued that the proof was insufficient to warrant the conviction. Defendant contends that evidence of Higgins' death in a highway accident following his departure from defendant's home adduced at the trial and allegedly before the Grand Jury was irrelevant, vitiated the indictment and prejudiced his right to a fair trial. This proof was clearly material to the issue whether defendant's conduct caused or permitted the life or limb of the deceased child actually to become endangered in violation of subdivision 1 of the section (*People* v. *Hopkins*, 208 App. Div. 438; *People* v. *Onody*, 296 N. Y. 305). Defendant's other contention that subdivision 2 is unconstitutional in that it is too vague for a criminal statute was not raised in the court below and may not be raised for the first time on appeal. (*Von Diezelski* v. *Food Fair Stores*, 18 A D 2d 724; *E. J. Eddy, Inc.* v. *Fidelity & Deposit Co.*, 265 N. Y. 276; *People* v. *Feldman Lbr. Co.*, 243 App. Div. 817.) In any event we do not find its bases too indefinite for founding a criminal charge. Judgment affirmed. Herlihy, J. P., Reynolds, Aulisi and Hamm, JJ., concur.