OPINION OF THE COURT
Leslie Crocker Snyder, J.
The court has before it motions from both sides of this criminal action. The People move to consolidate while the defendants move to dismiss pursuant to CPL 30.30.
The People’s motion to consolidate pursuant to CPL 100.45 and 200.40 is granted.
The defendants’ motion to dismiss on speedy trial grounds is based on the following facts.
The defendants were arrested on June 23, 1984 and charged with possession of burglar’s tools (Penal Law § 140.35) and attempted grand larceny (Penal Law §§ 110.00, 155.30). They were arraigned on June 26,1984, at which time the matter was adjourned to July 2, 1984. On July 2, 1984, a motion schedule was established and the People filed a corroborating affidavit. The corroborating affidavit had the following statement directly *923 above the complainant’s signature: “False statements made herein are punishable as a Class A misdemeanor pursuant to section 210.45 of the Penal Law.” The corroborating affidavit was signed but the attestation clause was left blank.
The matter next appeared on the calendar on August 2,1984. The People had not responded to defense motions. The matter was adjourned to September 13, 1984.
On September 13, 1984, the People answered ready for trial. Since that date there have been numerous adjournments. The People have answered ready for trial on many of these appearances.
On December 10,1984, the People for the first time effectively gave notice of their intention to introduce identification testimony at the trial.
The defendants raise two arguments in support of their motion to dismiss pursuant to CPL 30.30: first, that the criminal complaint was never properly converted to an information; second, that the People’s failure to give notice of their intention to offer identification testimony vitiates any prior statement of readiness.
The substance of the first argument is that the corroborating affidavit was not notarized or sworn to before a judge. The defendants reason that the instrument is insufficient to convert the complaint into a jurisdictionally sufficient information. A jurisdictionally sufficient information, is of course, a prerequisite to the People’s readiness. (People v Colon, 110 Misc 2d 917, affd 59 NY2d 921 [1983].)
This argument, while ingenious, cannot prevail. CPL 100.30 specifically states that an instrument which contains form notice that false statements are punishable under Penal Law § 210.45 together with the subscription of the deponent will constitute a verification of the instrument.
In People v Sullivan (56 NY2d 378), the Court of Appeals upheld a search warrant issued on an unsworn statement with the form notice that false statements are punishable under Penal Law § 210.45. (See also, People v Coldiron, 79 Misc 2d 338 [App Term, 2d Dept 1974].)
In light of the above, I find that the corroborating affidavits were in proper form. The complaint, therefore, was properly and timely converted to a jurisdictionally sufficient information.
As to the defendants’ second argument: the People’s failure to give notice of their intention.to offer identification testimony in a timely manner does not affect their readiness for trial. *924 (People v Cole, 90 AD2d 27 [3d Dept 1982].) The defendants have other remedies available including an order of preclusion. In this case a motion to preclude was granted by Judge William Davis on December 12,1984. That preclusion order was permitted to stand after reargument of the issue before Judge Davis on February 20, 1985.
The court finds that only 21 days of includable time had elapsed prior to the time the People made a good-faith statement of readiness on the record. (People v Hamilton, 46 NY2d 932 [1979]; People v Kendzia, 64 NY2d 331 [1985].) The People are well within the 90 days they have to be ready for trial (CPL 30.30 [1] [b]).
The record reveals that the People have been ready on numerous occasions since that first statement of readiness. Nothing in this record could lead this court to penalize the People for any delay subsequent to that good-faith statement of readiness. (People v Anderson, 105 AD2d 38 [1st Dept 1984].)
For the reasons stated above:
Defendants’ motion to dismiss pursuant to CPL 30.30 is denied.
The People’s motion to consolidate is granted.