OPINION OF THE COURT
Harold Fertig, J.
Upon oral motion, the defendant, at the close of the People’s case, requested dismissal of the fourth count of the indictment charging defendant, Dora Villacis, with endangering the welfare of a child, under Penal Law § 260.10 (1), for failure of the *569 People to make out a prima facie case. The defendant also questioned the constitutionality of the statute for a reason other than that addressed by this court.
Does the intent of Penal Law § 260.10 (1) encompass the protection of one peer instead of protecting both peers whose life experiences are so similar? No case law can be found under said statute which addresses this issue.
Penal Law §260.10 (1) states, in pertinent part, that a person is guilty of endangering the welfare of a child when he/she knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a female child less than 17 years old. On May 25, 1988, both the defendant, Dora Villacis, a female, and the complainant, Caroll Milla, a female, were students at John Dewey High School in Brooklyn, New York. On the People’s case they presented evidence that some "contact” between Dora Villacis and Caroll Milla on May 25, 1988 resulted in an injury to Caroll Milla’s face. The question this court must resolve is whether or not the defendant’s actions, which might "likely * * * be injurious to the physical, mental or moral welfare” of a fellow high school student who was under 17 years old at the time of this incident, is the type of conduct against which Penal Law § 260.10 (1) was designed to protect such "child”.
No evidence of the defendant’s age was presented on the People’s case. As the defense has not challenged the court’s jurisdiction in hearing this case, it is presumed that the defendant was at least 16 years old on May 25, 1988. "It has been commonly taken for granted that, unless otherwise stated, anyone over the age of 16 is capable of committing any offense defined in the Penal Law” (People v Kaufman, 132 Misc 2d 530, 532; Penal Law § 30.00 [1]). There is no age criteria for an offender stated under Penal Law § 260.10 (1). However, a "person” under section 260.10 (1) by virtue of its reading in conjuction with Penal Law § 30.00 (1) must be at least 16 years old. Lack of knowledge of the complainant’s age by the defendant is no defense to said crime (Penal Law § 15.20 [3]). Accordingly, the defendant, presumably being at least 16 years old at the time of this incident, could be charged with the crime of endangering the welfare of a child.
Penal Law article 260 defines five crimes which generally assure that the physical, emotional and custodial well-being of children are protected. The cases under said article which, by way of analogy, might be of some assistance in determining *570 the intent of Penal Law § 260.10 (1) are distinguishable due to the specificity of the other statutes under this article. In particular, Penal Law § 260.10 (2) states who could be prosecuted under said subdivision: a parent, guardian or other person charged with the care or custody of a child less than 18 years old and the conduct on said person’s part which could be prosecuted. Specifically, failure or refusal to exercise reasonable diligence in the control of such child so as to prevent said child from becoming an "abused child”, a "neglected child”, a "juvenile delinquent” or a "person in need of supervision”, as those terms are defined in articles 10, 3 and 7 of the Family Court Act. Penal Law § 260.20, "Unlawfully dealing with a child”, addresses the prohibited conduct (1) of permitting a child less than 16 years old to be in a location where alcoholic beverages are sold or given away unless the child is accompanied by a parent or guardian; or (2) knowingly permitting a child less than 18 years old to enter or remain in a place where illicit sexual activity or illegal narcotics activity is maintained or conducted; or (3) tattooing the body of a child less than 18 years old; or (4) giving or selling or causing to be sold any alcoholic beverage to a person under 21 years old except this subdivision does not apply to the parent or guardian of said child; or (5) selling or causing to be sold tobacco in any form to a child less than 18 years old.
Subdivision (2) of former Penal Law of 1909 § 483, from Which section 260.10 (1) is derived, prohibited, in pertinent part, a person wrongfully, willfully and knowingly causing or permitting the life and limb of a child to be endangered and his health to be injured. In 1966, in a prosecution under Penal Law of 1909 § 483, the New York State Court of Appeals in People v Bergerson (17 NY2d 398) found the statute constitutional based upon the court’s interpretation of the term "permits” to mean the violator had a degree of control over the child victim. The distinctive words "causes” or "permits” are no longer in the statute.
"The section is basically intended to enhance the Family Court Act provisions controlling the acts of adults which are likely to result in neglect or delinquency of children where Family Court proceedings would be inappropriate for that purpose (see, Hechtman, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 260.10, p 408).” (People v Suarez, 133 Misc 2d 762, 763.) The very nature of the cases in which a person has been charged with this crime further exemplifies the "control over the child” aspect of the *571 legislative intent as interpreted through judicial precedent. Traditionally, prosecutions under this statute have dealt almost exclusively with sexual offenses or morals cases (see, e.g., People v Rice, 17 NY2d 881; People v Egan, 103 AD2d 940; People v Ahlers, 98 AD2d 821; cf., People v Luchsinger, 46 AD2d 728, as cited in People v Suarez, supra, at 763).
The legislative intent for the 1970 amendment to Penal Law § 260.10 (1), as stated in the 1970 New York Legislative Annual, at 52 was that this legislation would aid immeasurably in the prosecution of those who would take advantage of young persons, particularly young female runaways. New York City found in recent years cunning and scheming adult persons intimidating, exploiting and victimizing visitors of young and tender years. Such conduct resulted in impairment of the physical and moral welfare of young persons concerned. The wording "would take advantage” implies that the actor who would violate said statute would be someone in a superior position to the "child” victim either by said actor’s age or life experience.
Although this court believes that the Legislature, in its amendment of Penal Law § 260.10 (1), had the same intent to protect a child from a person who had some degree of control over the child so as to be in a position to "take advantage” of him/her, the wording of the present statute is much broader than the language in the former statute. This court strongly believes that there exists a need for a statute designed to protect the welfare of such a child, however, the phraseology "knowingly acts in a manner likely” is vague in describing prohibited conduct. The "acts” which could fall within these terms cover a wide range. Penal Law § 15.05 (2) defines that when a person acts "knowingly”, with respect to conduct described by a statute defining an offense "he is aware that his conduct is of such nature”. The term "manner likely” plainly defined means "a person’s way of behaving towards others, such as may reasonably be expected to occur” (Oxford Paperback Dictionary). The statutory heading of Penal Law § 260.10, inclusive of the word "[ejndangering”, is more specific than the statutory proscription of subdivision (1). The definition of "endanger”, as stated in the Random House College Dictionary and the Oxford Paperback Dictionary, means to "expose to the chance of a situation which could cause harm or injury.” To "expose” means to "leave a person uncovered or unprotected”, again, a word implying that the *572 violator be in a position to exert some degree of control over the child.
"There is a strong presumption that a statute duly enacted by the Legislature is constitutional. Indeed, we have held that in order to declare a law unconstitutional, the invalidity of the law must be demonstrated beyond a reasonable doubt. (Matter of Van Berkel v. Power, 16 NY2d 37, 40)”. (People v Pagnotta, 25 NY2d 333, 337.) To make the determination that the invalidity of Penal Law § 260.10 (1) has been sufficiently demonstrated, the court must find that the statute fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute and that it is vague (see, Papachristou v City of Jacksonville, 405 US 156). Vagueness of a statute as to the specific conduct prohibited allows arbitrary or discriminatory police enforcement (see, Thornhill v Alabama, 310 US 88). Living under a rule of law entails various suppositions, one of which is that "[a]ll [persons] are entitled to be informed as to what the State commands or forbids” (Lanzetta v New Jersey, 306 US 451, 453).
Penal Law § 260.10 (1) is not sufficiently definite in that it fails to give a reasonable person subject to it notice of the nature of what conduct is prohibited and what conduct is required of him or her (see, People v Byron, 17 NY2d 64, 67). The instant case is illustrative of the statute’s vagueness. Under the facts of the case before this court, the statute failed to put the defendant, Dora Villacis, a person of ordinary intelligence, and subject to prosecution under it, on notice of the nature of what "acts” were prohibited. Evidence presented on the defendant’s case established that the defendant was 19 years of age on May 25, 1988, the victim was 16 years old, and both girls attended the same high school. From the appearances of both females in court during the course of the trial, they were physically similar in build and height. Reviewing the legislative history and intent of Penal Law § 260.10 (1), it is clear that the conduct of this defendant was not the kind of conduct, and under the circumstances in which it occurred, that this statute seeks to prevent.
For the reasons set forth hereinabove, it is the determination of this court that subdivision (1) of section 260.10 of the Penal Law is unconstitutional. Even if this court were to find this statute constitutional, it would not be applicable in this case. On their direct case the People failed to prove that the *573 defendant, Dora Villacis, had any degree of "control” over Caroll Milla which would enable her to "take advantage” of Caroll Milla. Accordingly, the fourth count of the indictment charging defendant, Dora Villacis, with endangering the welfare of a child is dismissed.