*12 OPINION OF THE COURT
Peter R. Sprague, J.
ISSUES
The defendant appeals from a judgment of conviction rendered by the Town Court of the Town of Genesee, dated August 16, 1988, following a nonjury trial, convicting him of two misdemeanors. Specifically, the defendant stands convicted of "wasting” oil, in violation of ECL 71-1305 (1), and "polluting” the land, in violation of ECL 71-1305 (2) and 6 NYCRR 556.5 (a). The defendant seeks reversal on four separate grounds.
First, the defendant contends that he was never properly arraigned on the second charge (pollution), which was commenced by the filing of an amended information at the threshold of the trial.
Secondly, the defendant contends that subdivision (1) of ECL 71-1305 (prohibiting the "wasting” of oil) is unconstitutionally vague.
Thirdly, the defendant contends that the prosecution failed to prove its case beyond a reasonable doubt.
Fourthly, the defendant contends that the trial court violated his procedural due process rights by "delaying” eight months in rendering its decision arid by "delaying” five months in filing its return on the appeal.
ANALYSIS

Arraignment Issue

The discussion between counsel immediately before the trial, regarding the filing of the amended information, took place off the record, and therefore this court finds that any objection by the defendant to prosecution on the "polluting” charge has not been preserved for appellate review. The court notes that on criminal appeals, the evidence must be viewed "in the light most favorable to the prosecution” (People v Osorio, 144 AD2d 965, 966 [4th Dept. Nov. 15, 1988], citing People v Ford, 66 NY2d 428, 437, and People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932). The meager record on this point indicates counsel reached an understanding concerning the charges presented by the amended information and the fact is that the trial then went forward. The court concludes that the defendant waived any objection he had in regard to arraignment on the "pollution” count. Therefore, *13 the court determines that the first contention of the defendant is without merit.
Leaving aside for the moment the issues of whether the statutory prohibition of "waste” is unconstitutionally vague, and whether the evidence presented was sufficient to sustain the convictions, the court next considers the fourth contention of the defendant. Specifically, the court considers whether the defendant was deprived of procedural due process.

Procedural Due Process Claim

With respect to the defendant’s claim that his procedural due process rights were violated by the trial court’s eight-month delay in rendering its decision, the court observes that technically this argument may not have been preserved for appellate review in that there is no showing that the defendant raised this issue, after conclusion of the proof, but before the decision was rendered, before the trial court (People v Whisby, 48 NY2d 834, 836).
In any event, the court is aware of significant extenuating circumstances — including the illness of the sole Justice of the Town Court of the Town of Genesee, which tend to excuse the somewhat extended time involved. Moreover, the defendant has not demonstrated that he was unduly prejudiced by the delay. The court notes, for example, that the defendant was not incarcerated during the interim period.
With respect to the defendant’s claim that his procedural due process rights were violated by the trial court’s five-month delay in filing its return, the court is aware of no constitutional guarantee of a "speedy appeal” corresponding to that of a "speedy trial”. Again, extenuating circumstances, including the absence of a court stenographer and the absence of a court staff to assist in the preparation of the return, and the illness of the Trial Judge, tend to excuse the rather lengthy delay in filing the return. In this case the resulting record for appeal was not a summary, but a complete record of the testimony, prepared by the Town Justice from trial notes and a tape recording of the trial. The court and counsel have been well served by the record as finally filed.
In short, the court finds no merit in the defendant’s claim that he was deprived of procedural due process rights. Accordingly, the court now turns to the key question raised by this appeal, namely, whether the statute pursuant to which the defendant was charged must be declared unconstitutionally void for vagueness.

*14
Constitutionality of Statute

At issue is whether the prohibition against "wasting” oil set forth in ECL 71-1305 (1) is unconstitutionally vague.
"There is a strong presumption that a statute duly enacted by the Legislature is constitutional. Indeed [New York appellate courts] * * * have held that in order to declare a law unconstitutional, the invalidity of the law must be demonstrated beyond a reasonable doubt. (Matter of Van Berkel v Power, 16 NY2d 37, 40.)” (People v Pagnotta, 25 NY2d 333, 337; People v Villacis, 143 Misc 2d 568 [Sup Ct, Kings County, Fertig, J.].)
To make the determination that the invalidity of ECL 71-1305 (1) has been sufficiently demonstrated, the court must find that the statute fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute, and that the statute is vague (People v Villacis, supra, at 572, citing Papachristou v City of Jacksonville, 405 US 156).
"Vagueness of a statute as to the specific conduct prohibited allows arbitrary or discriminatory police enforcement” (People v Villacis, supra, at 572, citing Thornhill v Alabama, 310 US 88).
"Living under a rule of law entails various suppositions, one of which is that '[a]ll persons are entitled to be informed as to what the State commands or forbids’ ” (People v Villacis, supra, at 572, quoting Lanzetta v New Jersey, 306 US 451, 453).
In the instant case, the Department of Environment Conservation argues that the definitions of "waste” set forth in 6 NYCRR 550.3 (az) (1) through (5) satisfactorily clarify, focus, and explain the meaning of "waste” as such term is used in ECL 71-1305 (1). At the outset, however, the court notes that such regulatory definition is not specifically "cross-referenced to” in the statutory definition.
Furthermore, the court observes that the regulatory definition itself is ambiguous, circumlocutory and general (see, for example, 6 NYCRR 550.3 [az] [1] [defining "waste” as "physical waste, as that term is generally understood in the oil and gas industry”; emphasis added]). The court also notes that there are no threshold quantitative limits set forth in the statute, so that it is not clear, for example, whether the Legislature contemplated criminalizing the "wasting” of several fluid ounces of oil, as it presumably would the "wasting” of several *15 thousand gallons of oil. The term "waste”, in and of itself, is fraught with subjectivity and widely varying connotations. See the testimony of the People’s witness Mr. Rucinski, top of page 28 of the return, Mr. Rucinski’s response on page 30 that "I don’t think I need a seminar to tell me what waste is” and at page 33 of the return the question is asked of the witness Rucinski "What volume of oil is required to constitute waste, a cup, a pint, a gallon, 20 barrels?” and Mr. Rucinski responds "I guess everybody would have a different opinion on that”, and on page 35, the first line Mr. Rucinski states, "Well I would think if somebody knew oil was being leaked out and didn’t attempt to clean it up, I would think it would be a waste of oil”.
At this point the court is constrained to wonder at least whether waste under the statute is loss of a certain quantity of oil or the fact of letting it leak onto the ground. The statute in question is so vague that in the mind of an enforcement officer it certainly would invite arbitrary or discretionary enforcement against the prohibited activity. Under People v Villacis (supra), and the authority of Thornhill v Alabama (supra), the instant criminal prohibition against waste is found unconstitutional.
The court is not inclined to let the question of criminal waste fall into the same definitional category as pornography —that is — we know it when we see it, but we cannot define it. Nor is this court prepared to determine that criminal waste occurs based on general literature on the subject of the hydrocarbon extraction industry, doctoral theses on the general subject, or the statutes of sister States.
There are several questions to be resolved before there is a workable, understandable definition of "criminal waste”:
1. Should it be in the Penal Law or the Environmental Conservation Law?
2. Is criminal intent required?
3. What degree of intent is required?
a. Intent to extract hydrocarbons?
b. Intent to let the hydrocarbons dissipate unused in our immediate environment?
4. Does the crime of waste occur’ when the hydrocarbons are allowed to escape from a recovery or storage system?
5. Does the crime of waste occur when such escaped hydrocarbons are not recovered, cleaned up or dissipated so they do not harm our immediate environment?
*16 6. Is the crime of waste quantitative, measured in liters, gallons, barrels, cubic feet or some other quantitative measure?
7. Is the crime of waste measured by reason of the elapse of time, from the escape for a certain number of hours or days without remedial action being taken?
6 NYCRR 550.3 (az) does not appear to provide any guidance as to these questions.
The court, therefore, necessarily reaches the conclusion that ECL 71-1305 (1) "is not sufficiently definite in that it fails to give a reasonable person subject to it, notice of the nature of what conduct is prohibited and what conduct is required of him or her” (People v Villacis, supra, at 572, citing People v Byron, 17 NY2d 64, 67). Correspondingly, the court concludes that the conviction for "wasting oil” must be set aside, based upon the unconstitutionality of the prohibitory statute.
The court next briefly addresses the last contention of the defendant, namely, that the People failed to prove the defendant’s guilt beyond a reasonable doubt.

Adequacy of Proof Issue

The standard of proof applicable in this case was "proof of guilt beyond a reasonable doubt”. That standard, however, did "not require the People to prove the defendant guilty beyond all possibility of doubt of beyond a shadow of a doubt” (1 CJI[NY] 3.07, at 91).
As noted above, the evidence must be viewed in the light most favorable to the prosecution (see also, People v Contes, 60 NY2d 620). Furthermore, "great weight must be accorded to the determination of the hearing court with its particular advantages of having seen and heard the witnesses” (People v Gonzalez, 138 AD2d 622 [2d Dept 1988], citing People v Prochilo, 41 NY2d 759, 761).
In view of these principles, the court concludes that there was adequate proof beyond a reasonable doubt of the elements of the offense of "pollution”. Because of the inherent vagueness of the "waste” statute, which the court has addressed above, the court cannot adequately identify the legislatively intended elements of that offense to determine whether the People met their burden of proof. As the court has already indicated, the "waste” conviction must therefore be set aside.
CONCLUSIONS
The conviction for pollution is affirmed and the conviction *17 for waste is reversed. Because it is not apparent to what extent the fine imposed pertained to the waste count, the matter is remanded to the Town Court of the Town of Genesee for purposes of resentencing the defendant on the conviction of "polluting” in violation of ECL § 71-1305 (2).