OPINION OF THE COURT
Michael A Gross, J.
Defendant, charged in an information with endangering the welfare of a child (Penal Law § 260.10 [1]), a class A misdemeanor, and sexual abuse in the third degree (Penal Law § 130.55), a class B misdemeanor, has moved for dismissal of the accusatory instrument on the grounds that (a) the statutes defining the offenses are unconstitutionally vague under the Due Process Clauses of the Federal and State Constitutions or, alternatively, unconstitutional as applied to him and that (b) his statutory speedy trial rights pursuant to CPL 30.30 have been violated. Defendant’s motion is denied for the following reasons.
*484 DEFENDANT’S CHALLENGE TO THE CONSTITUTIONALITY OF THE STATUTES
Penal Law § 260.10 (1) provides:
"A person is guilty of endangering the welfare of a child when:
"(1) He knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a male child less than sixteen years old or a female child less than seventeen years old or directs or authorizes such child to engage in an occupation involving a substantial risk of danger to his life or health”.
Penal Law § 130.55 provides in pertinent part: "A person is guilty of sexual abuse in the third degree when he subjects another person to sexual contact without the latter’s consent”.
"Sexual contact” is defined in Penal Law § 130.00 (3) as meaning: "any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party. It includes the touching of the actor by the victim, as well as the touching of the victim by the actor, whether directly or through clothing.”
The factual portion of the accusatory instrument charging defendant with violating these sections states:
"Deponent is informed by sixteen year old, Odessa Presley, of an address known to the District Attorney’s Office, that the defendant did reach his * * * arm up the informant’s dress three (3) times and fondled the informant’s leg and upper thigh.
"Deponent is further informed by Odessa Presley, that the defendant did not have permission or authority to reach up her dress and feel her leg or thigh.”
Legislative enactments are presumed constitutional and the burden of demonstrating a statute is unconstitutional rests with the party seeking to invalidate it. (People v Bright, 71 NY2d 376, 382 [1988]; People v Pagnotta, 25 NY2d 333, 337 [1969].) Unconstitutionality must be shown beyond a reasonable doubt. (Defiance Milk Prods. Co. v Du Mond, 309 NY 537, 540-541 [1956].)
A law is void if it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute” (United States v Harriss, 347 US 612, 617 [1954]) or if the failure to provide explicit standards for application encourages "arbitrary and discriminatory enforce *485 ment” (Grayned v City of Rockford, 408 US 104, 108 [1972]; see also, Kolender v Lawson, 461 US 352, 357 [1983]; Papachristou v City of Jacksonville, 405 US 156, 162 [1972]; People v Bright, 71 NY2d 376 [1988], supra; People v Nelson, 69 NY2d 302 [1987]).
Defendant’s challenge to Penal Law § 260.10 (1) is based on the recent case of People v Villacis (143 Misc 2d 568 [Sup Ct, Kings County 1989]). This decision held that Penal Law § 260.10 (1) was (1) unconstitutional as written since the language used to delineate prohibited conduct was vague and also (2) unconstitutional as applied since the 19-year-old defendant was not shown to have any "control” over the 16-year-old complainant which would enable her to "take advantage” of the complainant.
For the reasons set forth below this court rejects both claims that Penal Law § 260.10 (1) is unconstitutional. First, with respect to the argument that the statute is so vague and indefinite as to violate the Due Process Clause of the Fourteenth Amendment, the court deems itself bound by the decision of the Court of Appeals in People v Bergerson (17 NY2d 398 [1966]), which upheld the predecessor statute to Penal Law § 260.10 (former Penal Law § 483) and rejected this very void-for-vagueness argument. The court wrote that the law "clearly informed defendant that the offense prohibited was the endangering of the life, limb, health or morals of a child and what was required of him was that he refrain from willfully causing or permitting such danger.” (17 NY2d, supra, at 403-404.) While Penal Law § 260.10 (1) did not incorporate the exact wording of former Penal Law § 483 the language is substantially similar. The statute provides adequate notice of all persons subject to its mandate of both the nature of the conduct prohibited and what is required of them to refrain from violating its proscription. (See, People v Byron, 17 NY2d 64, 67 [1966].)
The court in Villacis (supra) made no attempt to parse the language of Penal Law § 260.10 (1) or to analyze the intent of the Legislature when it failed to incorporate the exact words of former Penal Law § 483 into the present endangering statute. In fact Villacis glosses over the holding of Bergerson (supra) that the predecessor statute passed constitutional muster but relies on Bergerson for the second prong of its decision that the statute may be applied only against a defendant who has some degree of "control” over the child victim. (Supra, at 570.) Villacis correctly points out that the Court of Appeals in *486 Bergerson construed the word "permits” in the phrase "willfully causes or permits the life * * * of any child * * * to be endangered, or its health to be injured, or its morals do become depraved” the conduct prohibited under former Penal Law § 483, to require a showing that the defendant must have some degree of control over the minor child as a predicate to the imposition of criminal liability. The defendant in Villacis was a 19-year-old student charged with, among other offenses, endangering the welfare of a child based on an incident involving "contact” and resulting "injury” to the face of a 16-year-old schoolmate; the court found the statute could not be applied to this defendant because the prosecution failed to establish a prima facie case that the defendant exercise any "control” over the 16-year-old child that might enable her to "take advantage” of the victim. (Supra, at 571.) Villacis is entirely silent as to the nature of the "contact,” the circumstances under which the "injury” was inflicted and the degree of control which the court would have accepted to sustain the prosecution of the defendant. By contrast, Bergerson speaks loudly and clearly on the quantum of control needed to support a prosecution. There, the 28-year-old defendant consented to help two 16 year olds to organize a beer party; he purchased a half keg of beer from money raised by the youths attending, he transported some of the boys to a picnic area and, later, when it began to rain, moved the party to his house; one of the boys who attended the party was killed on a highway, one mile away from defendant’s home, presumably having been struck by an automobile. On these facts the Court of Appeals affirmed the defendant’s conviction, noting that he "exercised sufficient control in this case to comply with and be subject to the statute — in fact, he had complete control over the youths and the party in his decision to purchase or not to purchase the beer.” (17 NY2d, supra, at 403.)
Utilizing Bergerson (supra) as a minimum standard of control, it is clear that, based on the misdemeanor complaint against defendant, sufficient facts have been alleged to create an issue of fact for the jury: defendant, a 40-year-old man riding on a bus transporting air travelers from Kennedy Airport to Manhattan was alleged to have approached the 16-year-old complainant, also a passenger on the bus, place his arm "up [her] dress three * * * times and fondled [her] leg and upper thigh.” Clearly, the threshold of control — satisfied in Bergerson by the decision to buy beer for some youths — was crossed here. Moreover, under Villacis (supra) as well as *487 Bergerson, the court finds the instant motion premature: in Villacis the court granted the motion to dismiss based on its finding that the statute was unconstitutional as applied after the People had completed their direct case at trial; Bergerson was an appeal after jury trial. Based on the nature of the inquiry necessitated by this claim that the endangering the welfare of a minor statute is unconstitutional as applied, the court believes that, at the very least a trial is warranted to establish a full record with respect to defendant’s control over the complainant. (See generally, People v Pagnotta, 25 NY2d 333, 339 [1969], supra [court rejected constitutional attack against loitering-for-drugs statute based on trial record].) Accordingly, the motion to dismiss the charge of endangering the welfare of a child on the grounds that the statute is unconstitutionally vague and, alternatively, unconstitutional as applied to defendant is denied.
As to the sexual abuse charge, defendant argues that the "leg and thigh” is not an "intimate part” as required by the definition of "sexual contact”. (Penal Law § 130.00 [3].) The court disagrees. This section is, like all Penal Law provisions, to be read "according to the fair import of [its] terms to promote justice and effect the objects of the law” (Penal Law § 5.00; People v Ditta, 52 NY2d 657, 660 [1981]). The court may dispense with hypertechnical or strained interpretations of the statute (People v Ditta, supra, at 660) and the statute as worded embraces all sexual contact (People v Ditta, supra, at 661). Accordingly, the court is persuaded by the reasoning in People v Graydon (129 Misc 2d 265 [Crim Ct, NY County 1985]) that a determination of what is "intimate” involves considerations other than mere anatomical location. (People v Graydon, supra, at 267.) The court in Graydon proposed three factors to consider in making this determination. "First, what area of the body is touched; next, what is the manner of the touching; finally, under what circumstances did the touching take place.” (People v Graydon, supra, at 268.)
This approach is particularly appropriate given that society’s use of the term "sexual” may connote a "sphere of behavior associated with libidinal gratification” (Webster’s Third New International Dictionary 2082) rather than any specific acts. What is "intimate” cannot be determined independently of the circumstances of the alleged behavior. (See also, People v Victor P., 120 Misc 2d 770 [Crim Ct, NY County 1983].)
Defendant relies on People v Vicaretti (54 AD2d 236 [4th *488 Dept 1976]). This case however holds that sexual contact requires "digital manipulation or manual handling or fondling.” (People v Vicaretti, supra, at 249.) Without deciding whether this decision is still viable subsequent to People v Ditta (supra), the court notes that the information here specifically alleges defendant "fondled” informant’s leg and upper thigh.
The court also rejects defendant’s further argument that the statute is void for vagueness as applied. The court considers a person of reasonable intelligence would have sufficient notice that the alleged conduct is prohibited. (See, People v Blodgett, 37 AD2d 1035, 1036 [3d Dept 1971] [" 'intimate parts’ ” not vague and uncertain]; People v Belfrom, 124 Misc 2d 185, 189 [Sup Ct, Queens County 1984] [some aspects of the prohibited conduct may be left to the commonly accepted community sense of decency, propriety and morality]; People v Darryl M., 123 Misc 2d 723, 730 [Crim Ct, NY County 1984] ["(w)hile the term 'any other lewd act’ may not conjure up the same specific acts to every person, the ordinary citizen will have a 'reliable, if visceral, response to them’ ”].)
Accordingly, defendant’s motion as to this charge is also denied.
DEFENDANT’S SPEEDY TRIAL MOTION
Defendant argues that the document filed by the People to convert the complaint to an information is insufficient to constitute a corroborating affidavit as required by CPL 100.30 and that, accordingly, the charges must be dismissed as more than 90 days have elapsed since commencement of the action.
Defendant bases his claim on (1) the absence of an attestation; (2) the supporting deposition’s use of the male gender to describe the female complainant; and (3) the assertion that the document may not have been subscribed in New York State thus invalidating the effect of the form notice that false statements made on the deposition are punishable pursuant to Penal Law § 210.45 as a class A misdemeanor.
The law is clear that the existence of such a form notice together with the subscription of the deponent are sufficient to verify the document. (CPL 100.30 [1] [d]; see also, People v Sullivan, 56 NY2d 378 [1982]; People v Sanfiel, 127 Misc 2d 922 [Crim Ct, NY County 1985].) The court considers the inadvertent use of the male gender in the supporting deposition to be merely a formal error which does not affect the *489 validity of the document and which can be corrected without the complainant being required to swear to a new affidavit. (See, People v Twine, 121 Misc 2d 762, 767 [Crim Ct, NY County 1983].) The People’s response states that defendant’s other arguments have no basis in "law or fact.” Even if this does not mean that the complainant is a New York State resident the court considers CPL 20.20 (2) (b) would confer jurisdiction on the court over a violation of Penal Law § 210.45 committed out of State in these circumstances. Thus, the court is satisfied that the supporting deposition filed is sufficient to convert the complaint to an information.* Chargeable time is computed as follows:
On January 5, 1989, defendant was arraigned and the matter was adjourned to February 16, 1989, for the corroborating affidavit. This 42-day period is charged to the People.
On February 16, 1989, the matter was further adjourned to March 16, 1989, for the corroborating affidavit. This 28-day period is charged to the People.
On March 16, 1989, the corroborating affidavit was filed with the court and served on the defense and a motion schedule was set. All time subsequent to that date is excludable, the adjournment being as a consequence of defendant’s motion and of the time during which the matter has been under consideration by the court. (CPL 30.30 [4] [a].)
Accordingly, 70 days are properly charged to the People. As this is less than the applicable 90-day period, defendant’s motion is denied.
The People have consented to defendant’s motion for a Huntley hearing which this court has previously ordered. Defendant’s request for the address of the complaining witness is denied, since defendant has failed to demonstrate any need for this extraordinary relief.

 In any event defendant’s speedy trial argument fails to take account of the fact that time may nonetheless be excluded prior to conversion of the complaint when defendant requests or consents to adjournments. (People v Worley, 66 NY2d 523 [1985].)