OPINION OF THE COURT
Dynda L. Andrews, J.
Defendant is charged with sexual abuse in the third degree, attempted sodomy in the third degree and endangering the welfare of a child, in connection with events that allegedly occurred on July 20, 1988. On that date, defendant assertedly made 7-, 8- and 11-year-old boys, who are the complaining *544 witnesses in this case, touch his penis and fondle their penises.
Prior to commencement of trial in May 1989, defendant moved to dismiss the count of endangering the welfare of a child, an A misdemeanor, asserting that the statute, Penal Law § 260.10 (1), was unconstitutionally vague, in violation of the Due Process Clause of the Constitution.
The challenged provision provides, in pertinent part: "A person is guilty of endangering the welfare of a child when * * * [h]e knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a male child less than sixteen years old * * * or directs or authorizes such child to engage in an occupation involving a substantial risk of danger to his life or health” (Penal Law § 260.10 [1]).
A. PEOPLE v VILLACIS
Defendant relies on People v Villacis (143 Misc 2d 568), which, in dicta, found (at 572): "Penal Law § 260.10 (1) is not sufficiently definite in that it fails to give a reasonable person subject to it notice of the nature of what conduct is prohibited and what conduct is required of him or her [citation omitted]. * * * Reviewing the legislative history and intent of Penal Law § 260.10 (1), it is clear that the conduct of this defendant was not the kind of conduct, and under the circumstances in which it occurred, that this statute seeks to prevent.”
In People v Villacis (supra), defendant, 19, and complainant, 16, were students at the same high school. Some otherwise undescribed "contact” between them caused a likewise undescribed "injury” to complainant’s face.
People v Villacis (supra) contains a lengthy examination of the statutory derivation of Penal Law § 260.10 (1) from Penal Law of 1909 § 483 (2), and the legislative history and intent leading to enactment of Penal Law § 260.10 (1) in 1965. After declaring its determination that Penal Law § 260.10 "is unconstitutional”, the court continues that even if it "were to find this statute constitutional, it would not be applicable in this case” because of a failure by the People to prove, in their direct case, that defendant had any "control” over the complaining witness which "would enable [defendant] to 'take advantage’ of’ the complaining witness, a requirement the court imported into Penal Law § 260.10 (1) based on its reading of the 1909 predecessor to, and the legislative history *545 of, Penal Law § 260.10 (1). (People v Villacis, supra, at 572, 573.)
Defendant urges that Penal Law § 260.10 (1) is void for vagueness because it does not "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and [sic] in a manner that does not encourage arbitrary and discriminatory enforcement”, citing Kolender v Lawson (461 US 352 [1983] [loitering statute void]); People v Bright (71 NY2d 376 [1988] [loitering statute void]); and People v Flinn (130 Misc 2d 877, 878, 879 [Erie County Ct 1986] [holding unconstitutionally vague Buffalo city ordinance criminalizing disobedience of " 'reasonable order or request of a police officer in the discharge of his regular duty’ ” because "it authorizes the police to decide what standards of conduct we must follow or avoid”]).
Defendant does not point specifically to any language in the statute as vague, either as applied to his own alleged offense or in general.
Rather, defendant cites People v Villacis (supra), People v Suarez (133 Misc 2d 762 [Sup Ct, Bronx County 1986] [evidence that defendant hit woman with bat in front of her minor children legally insufficient; must be nexus between conduct and potential harm and misconduct must be focused directly upon child]), and Malte v State of New York (125 AD2d 958 [4th Dept 1986] [teacher had valid cause of action for false arrest on charges of, inter alia, Penal Law § 260.10 (1), for spanking child in class; spanking did not cause "substantial pain” or "physical impairment” to meet "physical injury” requirement]), for the assertion that "police officers and courts” are having "difficulty” determining "what action is prescribed [sic]” by Penal Law § 260.10 (1).
B. PEOPLE v BERGERSON
In response, the People cite People v Bergerson (17 NY2d 398 [1966]), which found not unconstitutionally vague Penal Law of 1909 § 483, the predecessor of Penal Law § 260.10 (1). The prior statute provided, in pertinent part: "A person who * * * [w]ilfully causes or permits [any child actually or apparently under the age of sixteen years] to be placed in such a situation or to engage in such an occupation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, [i]s guilty of a misdemeanor.”
In Bergerson (supra), a 28 year old who organized a beer *546 party for boys 16 and younger, challenged the "permits” language of the old statute. The court found the statute "clearly informed defendant that the offense prohibited was endangering the life, limb, health or morals of a child and what was required of him was that he refrain from willfully causing or permitting such danger.” (People v Bergerson, supra, at 403, 404.)
In apparently finding "permits” an adequate articulation, the court found that the warning in the statute of what was required and what was prohibited did " 'not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding’ ” (People v Bergerson, supra, at 403, quoting People v Byron, 17 NY2d 64, 67 [1966]; see also, People v Illardo, 48 NY2d 408 [1979]).
The prosecution also urges that the terms "physical injury”, used in several criminal statutes, and "creates a substantial risk”, have been found not unconstitutionally vague, citing, respectively, People v Gordon (107 Misc 2d 248 [App Term, 1st Dept 1981]) and People v Lucchetti (33 AD2d 566 [2d Dept 1969]).
Further, the prosecution urges that defendant has failed to prove the unconstitutionality of Penal Law § 260.10 beyond a reasonable doubt as required (Matter of Van Berkel v Power, 16 NY2d 37 [1965]).
Finally, without citation of authority, the prosecutor contends that "it is preposterous to contend that defendant was not on notice that fondling the penises of young boys might be injurious to their moral welfare or physical well-being.”
C. STATUTE NOT UNCONSTITUTIONALLY VAGUE IN CASE AT BAR
The expression of Penal Law § 260.10 (1) appears to be unique in the Penal Law. It combines a series of phrases seen seldom, if at all, in other Penal Law sections, in a combination that research does not reveal to appear in any other criminal provision.
For example, instead of the more common "engages in conduct”, Penal Law § 260.10 (1) reads "acts in a manner”; instead of "to cause injury” or "to cause substantial injury”, it says "to be injurious”.
While perhaps unusual in the context of the Penal Law, the language of Penal Law § 260.10 (1) uses "ordinary terms to express ideas which find adequate .interpretation in common *547 usage and understanding” (People v Byron, supra, at 67) and is certainly sufficient to warn of what is required and what is prohibited (People v Bergerson, supra; see also, People v Cruz, 48 NY2d 419 [1979], appeal dismissed 446 US 901 [1980]).
Indeed, by using the active "knowingly acts in a manner” and "directs or authorizes” terminology, Penal Law § 260.10 (1) overcomes whatever difficulty the passive "permits” language presented to the court in People v Bergerson (supra; cf., People v Villacis, 143 Misc 2d 568, supra [using the "permits” language of the old statute to import a dicta requirement of "control” for Penal Law § 260.10]). Aside from the fact that the "control” requirement is dicta, it is unclear why the court in People v Villacis tried to apply an interpretation for entirely different language to the language of section 260.10 (1).
The language of Penal Law § 260.10 (1) is certainly sufficient to inform a "reasonable man” that the offense is knowingly causing likely injury to a child and that making children, aged 7, 8 or 11, fondle his and their penises is among activities prohibited as "likely to be injurious”. (See, People v Illardo, supra.)
In determining unconstitutional vagueness, a statute is not tested in the abstract but rather measured with respect to the actual conduct alleged. (United States v Tana, 618 F Supp 1393 [SD NY 1985]; United States v Payden, 598 F Supp 1388 [SD NY 1984], revd 759 F2d 202 [2d Cir 1985], on remand 609 F Supp 1273, affd 768 F2d 487; People v Harris, 129 Misc 2d 577 [Crim Ct, NY County 1985]; see also, People v Miller, 106 AD2d 787 [3d Dept 1984].)
In measuring Penal Law § 260.10 (1) by allegations of forced (or otherwise) fondling of penises of and by young children, there can be no doubt that the statute is not unconstitutionally vague and the activity is precisely the sort of activity intended to be covered by the statute. The facts alleged here, if proven, do not allege a case only marginally covered by the constraints of Penal Law § 260.10 (1). (People v Ortiz, 125 Misc 2d 318 [Crim Ct, Bronx County 1984].)
Defendant has failed to demonstrate that Penal Law § 260.10 (1) is unconstitutionally vague beyond a reasonable doubt (see, Matter of Van Berkel v Power, supra; People v Roth, 129 Misc 2d 381 [Suffolk County Ct 1985]). Accordingly, the motion to dismiss that count is denied.