■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENE SCALISE, Appellant.—Appeal from a judgment of the County Court of Che-

mung County, rendered January 16, 1976, upon a verdict convicting defendant of the crimes of reckless endangerment in the second degree and assault in the third degree. Defendant was charged in a two-count indictment with the crimes of reckless endangerment in the first degree and assault in the third degree. After a trial he was found guilty of reckless endangerment in the second degree and assault in the third degree. He was sentenced to a term of six months in the county jail on each crime to run concurrently and a fine of $500 for each crime. This appeal ensued and he raises several issues urging reversal. Primarily, defendant contends that the prosecution failed to prove the case beyond a reasonable doubt. The record reveals that on Sunday afternoon, June 22, 1976, defendant, in company with a group consisting of family and friends, was returning home when his truck stopped on a country road. At this period of time William Lochner, the alleged victim of the assault, in company with family and friends, came upon the scene in another vehicle. A discussion arose as to whether there was sufficient room for the Lochner vehicle to pass the stopped truck. The record reveals a very sharp conflict in the testimony as to what transpired immediately thereafter. The prosecution offered testimony by the victim that there was an altercation, that defendant was the aggressor, that he threw gasoline on Lochner, and that he also had a lighted torch in his hand and threatened to burn Lochner. The various prosecution witnesses corroborated this story. It was substantially denied by defendant and his version was to the effect that Lochner was the aggressor and that the gasoline accidentally spilled on Lochner when defendant was attempting to defend himself with the gasoline can from an attack by Lochner. He further testified that at no time did he have a torch in his hand. His testimony was corroborated by those of his group. Defendant's primary contention requires a full examination of the record in light of certain well-established principles of law. It is axiomatic that the prosecution has the burden of establishing defendant's guilt beyond a reasonable doubt and that defendant is presumed to be innocent. An examination of the record as developed by the parties clearly establishes that it raises questions of fact and credibility for the jury to resolve. Among the questions raised are the manner in which Lochner came in contact with the gasoline, whether or not defendant had a torch, lighted or otherwise, who was the aggressor and, in determining these questions, what testimony to believe and what testimony to reject. All these questions were for the jury to determine. It is implicit in their verdict that they largely accepted the proof offered by the prosecution and rejected that offered by the defense. There is, in our view, ample proof in the record, if believed, to sustain the jury's determination and we must not disturb it (*People v Horton*, 308 NY 1, mot for lv to rearg den 308 NY 748; *People v Wagner*, 51 AD2d 186, 188) unless the errors alleged by defendant are substantial. We have examined each of the alleged errors and find them unpersuasive. We note that there was no exception to the court's charge. As to the sentence, we do not find it harsh or unjustified for it was well within the maximum the court could have imposed. The verdict therefore, must be affirmed. Judgment affirmed. Sweeney, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.