■ In the Matter of VERNON WOODS DEVELOPMENT CORP. et al., Appellants, v PETER P. PUCILLO, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Comptroller of the City of Mount Vernon, dated December 4, 1985, which, after a hearing, found that a certain real estate transfer was subject to a real

estate transfer tax, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Coppola, J.), dated October 10, 1986, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners argue that the respondent improperly denied the petitioner, Vernon Woods Apartments, Inc., tax exempt status from the City of Mount Vernon Real Property Transfer Tax (see, Code of City of Mount Vernon, art VII, § 234-44 et seq.; see also, Tax Law § 1205). We disagree.

As a rule, tax exemption statutes must be strictly construed against the property owner, although their interpretation should not be so narrow and literal as to defeat the statute's intended purpose (see, Matter of Grace v New York State Tax Commn., 37 NY2d 193, 196). Where, as in the case at bar, a statutory term is not defined in the statute itself, the common meaning of the term is to be applied (see, McKinney's Cons Laws of NY, Book 1, Statutes § 232).

In pertinent part, Code of the City of Mount Vernon § 234-49 (2) (b) states:

"b. The tax imposed by this article shall not apply to any of the following deeds * * *

"4. A deed delivered pursuant to a contract made prior to the effective date of this article".

The effective date of this article was September 1, 1984.

Applying the aforementioned principles of statutory construction to this provision we conclude that it would be beyond the fair import of the statute to allow Vernon Woods Apartments, Inc., which was not obligated under, nor named as a party to, the original contract dated April 19, 1984, between the City of Mount Vernon and the developers, to claim an exemption from the real estate transfer tax.

Accordingly, we hold that the court did not err in dismissing the petition to set aside the determination of the Comptroller of the City of Mount Vernon. Thompson, J. P., Niehoff, Rubin and Sullivan, JJ., concur.