OPINION OF THE COURT
Patrick J. McGrath, J.
The defendant has moved to dismiss the indictment pursuant to GPL 210.25 (3) based upon the allegation that the statute defining the offense is unconstitutional. Specifically, the defendant alleges that section 353-a of the Agriculture and Markets Law is unconstitutionally vague and overbroad, and, therefore, violates the due process provisions of the United States Constitution and the New York Constitution.
The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. (Kolender v Lawson, 461 US 352, 357; People v Bright, 71 NY2d 376, 382.) A penal law statute must be sufficiently definite by its terms so as “to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute” (United States v Harriss, 347 US 612, 617; People v Bright, supra, at 382). The requirement that a penal law not permit arbitrary or discriminatory enforcement is, perhaps, the more important aspect of the vagueness doctrine (Kolender v Lawson, supra, at 358; People v Bright, supra, at 383).
To prevail on this claim, defendant must overcome the strong presumption of constitutionality which attaches to legislative enactments (People v Smith, 63 NY2d 41, 71; People v Davis, 43 NY2d 17, 30). This “weighty presumptive validity * * * is overborne only when the law is demonstrated to be invalid beyond a reasonable doubt (Matter of Van Berkel v Power, 16 NY2d 37, 40).” (People v Lang, 36 NY2d 366, 370.)
Turning to the specific language of the statute, section 353-a (1) of the Agriculture and Markets Law provides that “A person is guilty of aggravated cruelty to animals when, with no justifiable purpose, he or she intentionally kills or intentionally causes serious physical injury to a companion animal with aggravated cruelty. For purposes of this section, ‘aggravated cruelty’ shall mean conduct which: (i) is intended to cause extreme physical pain; or (ii) is done or carried out in an especially depraved or sadistic manner.”
*476 The purpose of the statute was to provide stricter penalties for the most egregious animal abuse cases (NY Assembly Mem in Support of L 1999, ch 118, 1999 McKinney’s Session Laws of NY, at 1584). The law, known as “Buster’s Law,” was named after a Schenectady cat that was doused with kerosene and set on fire. It was also noted in the Governor’s Memorandum that such egregious animal abuse was not isolated since other defenseless animals had been thrown from windows, used for target practice, subjected to hangings and starved (Governor’s Mem approving L 1999, ch 118, 1999 McKinney’s Session Laws of NY, at 1468).
Prior to the enactment of section 353-a of the Agriculture and Markets Law the only law punishing animal cruelty was the misdemeanor charge of section 353 of the Agriculture and Markets Law. In relevant part, the statute provided that: “A person who overdrives, overloads, tortures or cruelly beats or unjustifiably injures, maims, mutilates or kills any animal, whether wild or tame, and whether belonging to himself or to another, or deprives any animal of necessary sustenance, food or drink, or neglects or refuses to furnish it such sustenance or drink, or causes, procures or permits any animal to be over-driven, overloaded, tortured, cruelly beaten, or unjustifiably injured, maimed, mutilated or killed, or to be deprived of necessary food or drink, or who wilfully sets on foot, instigates, engages in, or in any way furthers any act of cruelty to any animal, or any act tending to produce such cruelty, is guilty of a misdemeanor.” Section 350 (2) of the Agriculture and Markets Law defines torture or cruelty to include “every act, omission, or neglect, whereby unjustifiable physical pain, suffering or death is caused or permitted.”
The defendant asserts that while the phrase “aggravated cruelty” is defined within section 353-a, the phrase is still impermissibly vague because terms within the definition are undefined. The phrase “extreme physical pain” is not defined nor is the meaning of “especially depraved or sadistic manner.”
Where a statutory term is not defined in the statute itself, the common meaning of the term is to be applied (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 232; Matter of Vernon Woods Dev. Corp. v Pucillo, 134 AD2d 597 [2d Dept 1987]). Unskilled draftsmanship alone is no ground for declaring a statute void, and if an intent can be spelled out fairly from the words used, effect will be given to that intent, although such intent is not artistically expressed (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 361).
*477 Failure to define every word in a criminal statute does not make the statute unconstitutionally vague (see, People v Nelson, 69 NY2d 302 [where the Court of Appeals held that the jostling statute, Penal Law § 165.25, was not void for vagueness even though the terms “unnecessarily” or “proximity” were not defined]; People v Bergerson, 17 NY2d 398, 403-404 [where the Court of Appeals held that former Penal Law § 483 (2) (now § 260.10, endangering the welfare of a child) was not unconstitutionally vague even though the language of the statute, “endangering of the life, limb, health or morals of a child,” was not specifically defined]; People v Miller, 106 AD2d 787 [3d Dept 1984] [finding the promoting prison contraband statute, Penal Law § 205.25, not to be unconstitutionally vague]; People v Ali, 144 Misc 2d 543 [finding current Penal Law § 260.10 not to be unconstitutionally vague]; People v Gordon, 107 Misc 2d 248 [where the definition of physical injury set forth in Penal Law § 10.00 (9) was not unconstitutionally vague even though the term “substantial pain” was not defined]). The Constitution does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding (People v Byron, 17 NY2d 64, 67).
In addition to being vague for failure to define the above terms, defendant also asserts that the definition set forth in section 350 (2) makes the meaning of aggravated cruelty “even more confusing.” However, the definitions of “aggravated cruelty” and “cruelty” are separate and distinct. The fact that the word torture commonly refers to the causing of severe pain, whereas section 350 only requires physical pain, in no way affects the definition of aggravated cruelty. Such is the case since they are mutually exclusive definitions and common meaning of a term is only relevant when the term is not defined by the statute.
Turning to defendant’s additional objections, the term “extreme physical pain” uses ordinary terms to express ideas that find adequate interpretation in everyday usage and understanding (People v Byron, supra; People v Cruz, 48 NY2d 419). The term “extreme physical pain” is not so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application (People v Gordon, supra, at 251, citing Connally v General Constr. Co., 269 US 385, 391).
The next undefined phrase within the definition of aggravated cruelty is “especially depraved or sadistic manner.” Considering the phrase as a whole, a person of ordinary intel *478 ligence would understand what conduct is prohibited by the statute. Depraved and sadistic have a common meaning in everyday usage. Describing these words with the intensive “especially” may be superfluous, but when considered together the combined words convey the clear intent to punish only the most serious and egregious conduct. The phrase spells out fairly the intent of the statute and effect will be given to that intent although it is not artistically .expressed (McKinney’s Cons Laws of NY, Book 1, Statutes § 361). One inartful word should not be the basis for declaring a statute unconstitutional since “ ‘[cjondemned to the use of words, we can never expect mathematical certainty from our language’ ” (People v Illardo, 48 NY2d 408, 414, quoting Grayned v City of Rockford, 408 US 104, 110). “Recognizing reality, the Constitution therefore does not require impossible standards; it is enough that the language used ‘ “conveys sufficiently definite warnings as to the proscribed conduct when measured by common understanding and practices” ’ ” (People v Illardo, supra, at 414, quoting Miller v California, 413 US 15, 27-28, n 10, quoting Roth v United States, 354 US 476, 491-492; see, Trio Distr. Corp. v City of Albany, 2 NY2d 690, 696). Courts are allowed to apply a reasonable construction to carry out legislative intent and to sustain the validity of a statute (McKinney’s Cons Laws of NY, Book 1, Statutes § 362).
Accordingly, the defendant has failed to demonstrate beyond a reasonable doubt that section 353-a of the Agriculture and Markets Law is unconstitutionally vague and his motion to dismiss is denied.
The defendant next claims that even if the statute is not found to be unconstitutional for vagueness, it is unconstitutionally vague as applied in the current case. When determining whether or not a statute is unconstitutionally vague as applied, the actual conduct of the person attacking the statute must be considered and not with respect to hypothetical situations at the periphery of the statute’s scope or with respect to the conduct of other parties who might not be forewarned by the broad language (see, United States v Powell, 423 US 87, 93; United States v Mazurie, 419 US 544, 550; Parker v Levy, 417 US 733, 756).
Turning to the specific facts of our case, one witness at the Grand Jury proceeding testified to seeing the defendant “kick it [the dog] down the walkway” and then stated that defendant picked “it up and * * * threw it up against the brick wall.” There is also additional testimony that the dog involved *479 was a “relatively young dog, eight months old, 28 pounds, basset mixed breed.” It is clear, in the court’s opinion, that a person of ordinary intelligence would realize that the above activity of the defendant is precisely the sort of activity intended to be covered by the statute. Therefore, defendant’s motion to dismiss based upon the unconstitutionality of the statute as applied is denied.