■ FARHAD HAKIMI, Appellant, v CANTWELL LANDSCAPING & DESIGN, INC., et al., Respondents. (Action No. 1.) CANTWELL LANDSCAPING & DESIGN, INC., et al., Respondents, v FARHAD HAKIMI, Appellant. (Action No. 2.) [855 NYS2d 273]—

In two related actions which were joined for trial, inter alia, to recover damages for breach of contract, Farhad Hakimi, the plaintiff in action No. 1 and the defendant in action No. 2, appeals from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated July 11, 2007, as denied those branches of his motion which were for summary judgment dismissing the complaint in action No. 2 and to vacate a mechanic's lien and cancel a notice of pendency filed against his property.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the appellant's motion which were for summary judgment dismissing the complaint in action No. 2 and to vacate the mechanic's lien and cancel the notice of pendency filed against his property are granted, so much of the order as denied that branch of the appellant's motion which was for summary judgment dismissing the first counterclaim in action No. 1 is vacated, and that branch of the motion is granted; and it is further,

Ordered that the Suffolk County Clerk is directed to cancel the notice of pendency dated August 11, 2006 and to vacate the mechanic's lien filed on August 25, 2005 against the subject property.

Farhad Hakimi hired Cantwell Landscaping & Design, Inc., and L. Lincoln Cantwell (hereinafter collectively Cantwell) to perform landscaping work at his property where he was having a new home constructed. It is undisputed that, at the time, Cantwell was not licensed as a home improvement contractor pursuant to Suffolk County Administrative Code § 345-17(A) and Southampton Town Code § 143-2.

Hakimi commenced an action against Cantwell seeking dam-

ages, inter alia, for breach of contract (hereinafter action No. 1). Cantwell counterclaimed to recover damages for breach of contract and to foreclose on a mechanic's lien filed against Hakimi's property. Cantwell also commenced its own action against Hakimi to foreclose on the same mechanic's lien and, in conjunction therewith, filed a notice of pendency against the property (hereinafter action No. 2).

Hakimi moved, inter alia, to consolidate the two actions, for summary judgment dismissing the counterclaims asserted by Cantwell in action No. 1 and the complaint in action No. 2, and to vacate the mechanic's lien and cancel the notice of pendency. Hakimi contended that Cantwell forfeited its right to sue for breach of contract and to foreclose on the mechanic's lien since at the time it performed the work at his property it did not possess a home improvement contractor's license as required by Suffolk County Administrative Code § 345-17 and Southampton Town Code § 143-2. Cantwell contended that the licensing exemptions in the Suffolk County Administrative Code and the Southampton Town Code for those engaged in the construction of a new home were applicable and, consequently, it was not required to be licensed while performing landscaping work at Hakimi's property.

The Supreme Court, inter alia, denied those branches of the motion which were for summary judgment dismissing the complaint in action No. 2 and to vacate the mechanic's lien and cancel the notice of pendency. The Supreme Court concluded that the licensing exemptions for new home construction were applicable to Cantwell's landscaping work and therefore a home improvement contractor's license was not required.

Pursuant to Suffolk County Administrative Code § 345-17, "[i]t is unlawful for any person to engage in any business as a home improvement contractor without obtaining a license therefor." Suffolk County Administrative Code § 345-16 defines a "home improvement contractor" as "[a] person who engages in home improvement contracting upon residential property" and further defines "home improvement contracting" as "any repair, remodeling, alteration, conversion, modernization, improvement or addition to residential property, and includes but is not limited to . . .waterproofing, *as well as other improvements to structures or upon land which are part of residential property, including landscaping* and arboriculture . . . but shall not include the construction of a new home" (emphasis added).

Similarly, pursuant to Southampton Town Code § 143-2, "[n]o person shall conduct or engage in any home improvement business without first obtaining and maintaining in effect at all

times a license therefor." Southampton Town Code § 143-1 (A) defines "home improvement" as [t]he repairing, remodeling, altering, converting or modernizing of, or adding to, residential property and shall include, but not be limited to . . . *landscaping* . . . and other improvements of residential property and all structures or land adjacent to it" (emphasis added). It expressly excludes from the definition of home improvement "[t]he construction of a new home" (Southampton Town Code § 143-1 [B] [1]).

The issue on this appeal is whether Cantwell was engaged in "the construction of a new home" by performing landscaping work on Hakimi's property, thus exempting it from the licensing requirements of the Suffolk County Administrative Code and Southampton Town Code. The words "construction" and "home" are not defined in the codes.

When interpreting language in a statute or code, a court "should attempt to effectuate the intent of the [legislative body]" and "[b]ecause the statutory text is the clearest indicator of legislative intent, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (*Matter of Jansen Ct. Homeowners Assn. v City of New York*, 17 AD3d 588, 589 [2005] [internal quotation marks omitted]; *see Stinton v Robin's Wood, Inc.*, 45 AD3d 203 [2007]; *Matter of Elgut v County of Suffolk*, 1 AD3d 512 [2003]).

Here, giving effect to the plain and common meaning of the words "construction" and "home" in Suffolk County Administrative Code § 345-16 and Southampton Town Code § 143-1 (*see Matter of Elgut v County of Suffolk*, 1 AD3d 512 [2003]; *Matter of Vernon Woods Dev. Corp. v Pucillo*, 134 AD2d 597 [1987]), the phrase "the construction of a new home" applies only to the building of a new residential structure (*see Blake Elec. Contr. Co. v Paschall*, 222 AD2d 264, 266 [1995]). Interpreting the phrase to include landscaping work performed at the property where a new home is being constructed would require this Court to "impermissibly rewrite a clearly worded statute to obtain a desired result" (*Matter of Briffel v County of Nassau*, 31 AD3d 79, 85 [2006], *affd sub nom. O'Shea v Board of Assessors of Nassau County*, 8 NY3d 249 [2007]).

Cantwell did not build a new structure on Hakimi's property. Its involvement with the property was limited to the installation of landscape materials and performance of landscaping services. Under such circumstances, Cantwell was not engaged in "the construction of a new home." Rather, it was engaged in "home improvement contracting" and "home improvement" as those terms are defined in the Suffolk County Administrative

Code and the Southampton Town Code, respectively (*see Blake Elec. Contr. Co. v Paschall,* 222 AD2d at 266; *cf. Marciano Constr. Corp. v Stout,* 12 Misc 3d 1152[A], 2006 NY Slip Op 50874[U] [2006]). Thus, it was required to possess a home improvement contractor's license. Since it did not possess such a license, it cannot recover damages for breach of contract or foreclose on its mechanic's lien (*see Ben Krupinski Bldr. & Assoc., Inc. v Baum,* 36 AD3d 843 [2007]; *Callos, Inc. v Julianelli,* 300 AD2d 612 [2002]; *Ellis v Gold,* 204 AD2d 261 [1994]).

Consequently, the Supreme Court should have granted those branches of Hakimi's motion which were for summary judgment dismissing the complaint in action No. 2 and to vacate the mechanic's lien and cancel the notice of pendency. Additionally, so much of the order as denied that branch of Hakimi's motion which was for summary judgment dismissing Cantwell's first counterclaim in action No. 1 must be vacated and that branch of the motion must be granted since that relief is inextricably intertwined with the portion of the order reversed on appeal (*see City of Mount Vernon v Mount Vernon Hous. Auth.,* 235 AD2d 516, 517 [1997]). Prudenti, P.J., Miller, Dillon and Mc-Carthy, JJ., concur. [*See* 2007 NY Slip Op 32483(U).]