OPINION OF THE COURT
Emily Pines, J.
The plaintiff, MGD Horticultural Services, Inc. (hereinafter MGD), brings this action, inter alia, for breach of a construction contract and to foreclose a mechanic’s lien in the amount of $405,595.40 filed against residential real property located at 34 Gardiners Bay Drive, Shelter Island, New York, owned by the defendants, Douglas Hahn and Melissa Ko, in connection with the performance of landscaping and other services performed at the property.
MGD alleges that it was retained by defendants on May 13, 2010, to be the landscape contractor to provide labor and materials, horticultural and otherwise, including the installation of a granite and Belgian block driveway, at the property.
According to MGD, its services were divided into three phases. MGD claims that it billed defendants $226,088.70 for the first phase, of which defendants paid $225,818.70, leaving a balance due of $270. MGD claims that it billed defendants $405,595.40 for the services performed in the second phase but that defendants failed to pay any part of that amount. MGD submitted numerous invoices to defendants reflecting the charges for both the first and second phases. MGD constructed the driveway during the second phase. MGD filed a notice of mechanic’s lien dated August 15, 2011, against the property in the amount of $405,595.40.
*822 The first cause of action seeks to foreclose the mechanic’s lien. The second cause of action asserts that defendants breached their contract with MGD by failing and refusing to pay for the work performed by MGD during the second phase. The third cause of action alleges that the defendants fraudulently induced MGD to enter into the second phase of the contract by falsely representing that they had approved the services to be performed by MGD during the second phase. The fourth cause of action seeks recovery in quantum meruit for services performed. While the amended verified complaint alleges that MGD “is a fully licensed and insured contractor, authorized to perform all of the Services herein set forth for defendants within the Town of Shelter Island,” MGD has admitted, for purposes of the current motion and cross motion, that it does not maintain a home improvement license either in Suffolk County or in the Town of Shelter Island. MGD further alleges that it was not required to have a Suffolk County home improvement license to perform any of the services provided to and accepted by the defendants.
In their answer, defendants raise numerous affirmative defenses including that MGD is barred and estopped from maintaining this action because it did not maintain a valid home improvement contractor’s license at the time it performed work at the property. Defendants also assert a counterclaim against MGD for willful exaggeration of the mechanic’s lien.
By order dated June 4, 2012, this court (Pines, J.) denied defendants’ motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint. The court rejected defendants’ contention that this action is clearly barred because MGD did not maintain a home improvement contractor’s license issued by the Town of Shelter Island. The court noted that section 79-1 of the Code of the Town of Shelter Island specifically excluded “[t]he landscaping of residential property” from the definition of “Home Improvement” and determined that “[w]hile certain items of work performed for which the plaintiff seeks to recover, such as the installation of the driveway, presumably fall within the Town’s [licensing] requirement, others, such as the landscaping, clearly do not.”
MGD now moves for partial summary judgment in the amount of $276,902.13, the amount that it claims it is owed for the performance of landscaping services only. MGD does not seek summary judgment for the amount allegedly due for the construction of the driveway. MGD argues that it needs no *823 license for landscaping work in the Town of Shelter Island; that its work constituted new construction and was, therefore, exempt from any county requirements; and that defendants’ chosen architect and engineer approved all of its invoices for such work. The defendants oppose such motion on the grounds that the lack of a town license does not excuse plaintiff from the requirement of a license under the Suffolk County Code and that plaintiffs landscaping work could not be considered new construction under the applicable case law. Based upon the same arguments, defendants cross-move for summary judgment, dismissing plaintiffs complaint in toto.
Summary Judgment
The proponent of a motion for summary judgment must demonstrate to the court the absence of any material and triable issues of fact, thereby entitling such party to judgment as a matter of law. (CPLR 3212; see Morejon v Rais Constr. Co., 7 NY3d 203 [2006]; Winegrad, v New York Univ. Med. Ctr., 64 NY2d 851 [1985].) Upon such showing, the burden shifts to the party opposing the motion to demonstrate either that material issues of fact exist or that even undisputed facts do not entitle the movant to judgment as a matter of law. (Winegrad.) Where such material issues are set forth in the moving or opposition papers, the court must deny the motion and proceed to trial. (Federal Ins. Co. v Automatic Burglar Alarm Corp., 208 AD2d 495 [2d Dept 1994].)
Local Licensing and Regulation of Home Improvement
Suffolk County Code § 563-17 (former § 345-17) provides, in pertinent part, as follows: “A. It is unlawful for any person to engage in any business as a home improvement contractor without obtaining a license therefor from the office in accordance with and subject to the provisions of this article and Article I.”
“Person,” under Suffolk County Code § 563-2 (former § 345-2), is defined to include a corporation as well as an individual, partnership or other entity. (See General Construction Law §37.)
Suffolk County Code § 563-16 (former § 345-16) requires licensing of home improvement contracting, defined as follows:
“any repair, remodeling, alteration, conversion, modernization, improvement or addition to residential property, and includes but is not limited to *824 painting of residential structures; carpentry; fencing; driveways ... as well as other improvements to structures or upon land which are part of residential property, including landscaping and arboriculture, which as used herein shall mean tree sprayers, tree pruners, tree stump removers and all other tree services; but shall not include the construction of a new home or work done by a contractor in compliance with a guaranty of completion on a new residential property . . . .” (Emphasis supplied.)
Chapter 79 of the Shelter Island Town Code also sets forth with regard to a person who conducts or engages in a home improvement business and who performs or undertakes or agrees to perform or undertake a home improvement: “No person shall conduct or engage in any home improvement business without first obtaining and maintaining in effect at all times a license therefor from the Building Inspector, as hereinafter provided” (§ 79-2).
A person is defined as “[a]n individual, firm, partnership, corporation or other entity” (§ 79-1).
Then term “home improvement,” under section 79-1 of the Shelter Island Town Code, is defined as: “Any construction, repair, remodeling, alteration, conversion, modernization, improvement or addition to residential or commercial property, and shall include but not be limited to . . . carpentry . . . driveways . . . fencing . . . sprinklers . . . but shall not include . . . (E) [t]he landscaping of residential property.” (Emphasis supplied.)
Accordingly, under a reading of both statutes, it appears that Suffolk County has enacted a code provision requiring a home improvement license for all work defined as home improvement (specifically excepting new construction) and that the Town of Shelter Island has enacted its own town code requiring the same (not exempting new construction) and specifically exempting from the licensing requirement, as defined, landscaping work.
Counties and towns are both granted authority, pursuant to state law, to regulate the licensing of home improvement contractors. Municipal Home Rule Law § 10 (1) (ii) provides, in relevant part, that
“1. . . . (ii) every local government, as provided in this chapter, shall have the power to adopt and amend local laws not inconsistent with the provi *825 sions of the constitution or not inconsistent with any general law, relating to the following subjects
“a. A county, . . . town . . .
“(12) The government, protection, order, conduct, safety, health and well-being of persons or property therein. This provision shall include but not be limited to the power to adopt local laws providing for the regulation or licensing of occupations or businesses . . . .” (Emphasis supplied.)
However, subparagraph (12) cited above contains a significant exception, as follows:
“provided, however, that: . . .
“(b) . . . the exercise of such power by a county shall not relate to the area thereof in any . . . town . . . during such time as such . . . town is regulating or licensing the occupation or business in question.” (Emphasis supplied.)
As stated by the Court of Appeals, a contractor that performs home improvement work without a license at the time the work is performed is barred from maintaining an action where such license is mandated. (B & F Bldg. Corp. v Liebig, 76 NY2d 689 [1990].) Indeed, an unlicensed contractor forfeits the right to recover damages either on breach of contract or on quantum meruit claims as well as the right to foreclose on a mechanic’s lien. (Ben Krupinski Bldr. & Assoc., Inc. v Baum, 36 AD3d 843 [2d Dept 2007]; Callos, Inc. v Julianelli, 300 AD2d 612 [2d Dept 2002].) The licensing requirement applies to the contractor individually, even where its work is otherwise supervised by a licensed home improvement contractor. (See Flax v Hommel, 40 AD3d 809 [2d Dept 2007].)
There is no dispute in this case that the plaintiff did not possess a home improvement license either from Suffolk County or from the Town of Shelter Island at the time it performed both landscaping work and driveway work for the defendants. However, the above cited statutes leave two separate issues unanswered, to wit: (1) whether the landscaping or driveway work performed by plaintiff constituted “new construction,” exempting it from the licensing requirements of the County Code; and (2) whether the enactment of a home improvement regulation by the Town of Shelter Island specifically exempting landscaping from the licensing requirement has the effect, under the applicable Municipal Home Rule Law, of relieving plaintiff *826 from the requirement to procure a Suffolk County home improvement license in order to pursue its contract claim against the defendants.
The answer to the first question has been addressed by the Second Department in the case of Hakimi v Cantwell Landscaping & Design, Inc. (50 AD3d 848 [2008]). In that case, the Court addressed the issue of whether, in a case where landscaping was performed by a contractor in connection with work that qualified clearly as new construction, the landscaping was exempted from the County Code licensing requirement. The Second Department specifically rejected this claim, setting forth that
“[h]ere, giving effect to the plain and common meaning of the words ‘construction’ and ‘home’ in Suffolk County Administrative Code § 345-16 . . . the phrase ‘the construction of a new home’ applies only to the building of a new residential structure. Interpreting the phrase to include landscaping work performed at the property where a new home is being constructed would require this Court to ‘impermissibly rewrite a clearly worded statute to obtain a desired result.’ ” (Id. at 850 [citations omitted]; see ENKO Constr. Corp. v Aronshtein, 89 AD3d 676 [2d Dept 2011].)
Non-Landscaping Work
Based upon the strong policy considerations giving rise to the Court of Appeals and Second Department cases cited above as well as the Court’s ruling in Hakimi, this court finds that the defendants have proved entitlement to summary judgment, as a matter of law, dismissing so much of the amended complaint as seeks to recover damages for work plaintiff asserts was performed on the defendants’ driveway. This includes the causes of action for breach of contract, foreclosure on the mechanic’s lien and unjust enrichment. There is no question that construction of the driveway falls within the definitions under both the County and Town Codes as home improvement work; that such is not exempted, even if it was in connection with “new construction” under the Town Code; and that plaintiff lacked the required home improvement license under the Shelter Island Code. The only remaining issue, which is left to be tried concerning the construction work performed that does not constitute landscaping, is the dispute between the parties concerning the value of the non-landscaping work performed by the plaintiff, since such will be deducted from any amount awarded *827 for plaintiff’s remaining claim. Plaintiff’s view is that such amounted to $128,932.37 and the defendants assert that the plaintiff’s non-landscaping work must include certain other items that plaintiff improperly lumped in as landscaping so that such work amounts to a total of $156,422.28. This issue must be resolved at trial.
Landscaping Work
The second issue posed in this litigation is, in the court’s view, more complex and one of first impression. The provisions of the Municipal Home Rule Law are designed, inter alia, to clarify the relative powers of various local governments when they are given similar powers and one is contained within the other’s borders. There is no question that counties and towns have been afforded the authority to require home improvement licenses within New York State. However, the state has limited a county’s authority to do so, where a town located within its borders is licensing or regulating such occupation or business. (Municipal Home Rule Law § 10 [1] [ii] [a] [12] [b].)
There is no question that the Town of Shelter Island has enacted a home improvement licensing code as set forth above. As shown, such code does not require a “license” for those performing landscaping work. However, that does not mean that the Town of Shelter Island does not regulate landscaping. In fact, it has a specific provision in its code exempting landscapers from the requirement of a home improvement license as demonstrated above. As shown in the papers provided in support of the plaintiffs motion for summary judgment, the Suffolk County Department of Consumer Affairs recognizes the applicability of the town rather than the county requirements for home improvement licenses in its application process. Thus, it states vis-a-vis the chapter 566 (former ch 345) licensing test requirements the following: “PLEASE NOTE: THE SUFFOLK COUNTY HOME IMPROVEMENT LICENSE IS NOT VALID IN THE TOWNSHIPS OF SOUTHAMPTON, EAST HAMPTON AND SHELTER ISLAND.”
It is undisputed that those three towns, within the County of Suffolk, are the sole towns that have enacted home improvement licensing provisions in their respective codes. This notice is significant in that next to the mention of the Town of Shelter Island, the County Department of Consumer Affairs did not place the words to the effect of “except in the case of landscaping.” It is this court’s view that while the Town of Shelter Island *828 does not license landscapers, its statute regulates them, as it specifically exempts them from the licensing requirement. Thus, such regulation takes the landscaper in that town outside the provisions of the Suffolk County Code requirement, pursuant to the above cited provisions of the Municipal Home Rule Law. All of the cases cited by both parties deal with situations where either only one local entity is involved, or where two have decided to require the same license, making the more local law applicable. In not one case cited have both governments enacted home improvement licensing provisions and the more local municipality, within its regulation, has opted not to require a license for a specific type of work.
Based on the above, the court finds that plaintiff is entitled to summary judgment on its claim for breach of contract against defendants on its landscaping work. As with the non-landscaping work, the only issue left to be determined at trial is the amount to which the plaintiff is entitled for such work. Again, plaintiff is asserting that the landscaping amounts to a claim of $276,902.13, while the defendants assert that the total value of the plaintiff’s landscaping claim is actually $249,172.72. Defendants also state that there remain issues of fact concerning the actual value of such claim, based upon proof of amounts plaintiff asserts it expended for suppliers, payroll and/or time records.
While the court recognizes the plaintiffs right to foreclose on the mechanic’s lien, the amount of the lien representing the landscaping work must await a determination at trial.
A fraud claim is not properly stated where the complaint merely asserts a general allegation that defendant entered into a contract while lacking the intent to perform it (New York Univ. v Continental Ins. Co., 87 NY2d 308 [1995]). Here, as the amended complaint merely asserts that the defendants fraudulently entered into the contract without an intent to perform, the defendants are granted summary judgment dismissing the third cause of action.
Based upon the foregoing, the court grants defendants’ motion for summary judgment dismissing the plaintiffs claims for non-landscaping work and grants the plaintiff summary judgment against the defendants on its contract claim for landscaping services. The monetary amounts of the claims are all that remain to proceed to trial.