# IN THE COURT OF APPEALS OF IOWA

No. 14-1609
Filed August 5, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL JAN MENTON,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Black Hawk County, Joseph M. Moothart, District Associate Judge.


        Michael Menton appeals his conviction for animal torture, in violation of Iowa Code section 717B.3A (2013).  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Joseph A. Fraioli, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, Linda Fangman, County Attorney, and Israel Kodiaga, Assistant County Attorney, for appellee.


        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, P.J.**

Michael Menton appeals his conviction for animal torture, in violation of Iowa Code section 717B.3A(3)(a)(1) (2013). He claims trial counsel was ineffective for failing to raise the issue of whether the criminal statute under which he was convicted was void for vagueness. He also raises a sufficiency-of-the-evidence claim, arguing the State failed to prove he had the "depraved or sadistic intent" to inflict severe pain on the animal, as well as that the dog actually suffered severe physical pain. He further asserts counsel was ineffective for failing to object to the jury instructions, which did not define "severe physical pain," as well as failing to object to claimed prosecutorial misconduct during the State's closing argument.

We conclude Iowa Code section 717B.3A is not void for vagueness, sufficient evidence supported Menton's conviction, and he did not show his counsel was ineffective. Consequently, we affirm Menton's conviction and sentence for animal torture.

**I. Factual and Procedural Background**

Based upon the record, the jury could have found the following facts: Menton, his sister Hope Menton (Hope), her boyfriend, her teenage son, and her teenage daughter, M.M., were all living in the same residence at the time of the incident. At approximately 6:30 on the morning of May 28, 2014, Hope and Menton were arguing. This woke M.M., who then went downstairs. She and Menton also began to yell at each other, which woke everyone in the house and

resulted in a physical altercation in which Menton shoved M.M. Menton appeared intoxicated.[1]

Menton has a pit bull dog named Crystal. After Menton attacked M.M., the dog bit Menton's wrist, which drew blood but otherwise did not result in serious injury. M.M. testified the dog did this to protect her. After the dog bit Menton, she went back to her dog bed, and Menton followed her. The closest witness testified Menton "kicked and punched"—while M.M. stated Menton "kicked and stomped"—the dog for approximately two minutes, until a family friend pulled Menton off of the dog.

M.M. then took the dog outside to get her away from Menton. Menton followed, grabbing a knife with a six inch blade from the kitchen sink and declared: "If she makes me bleed, I'll make her bleed." Menton went outside and attacked the dog with the knife. M.M. testified Menton attempted to stab the dog five to six times but only cut her twice, because he was intoxicated.[2] Menton was eventually pulled off of the dog. The police were called while Menton was stabbing the dog.[3]

Evidence established the dog suffered two long, vertical slashes on her right front leg, which were not attended to by a veterinarian; however, the attending animal control officer applied an antibiotic. Hope testified the wounds were shallow, but after the incident, the dog was walking slowly and favoring her

---

[1] Others were also present in the house that morning.

[2] M.M. stated she believed he was intoxicated because he was staggering and otherwise had trouble walking. The other testimony during trial supported the conclusion Menton was very intoxicated during this incident.

[3] Once the police arrived, Menton attempted to flee. When asked to stop and show his hands, Menton did not do so, and the officer tased him before placing him under arrest.

right side. The bleeding from her leg wounds stopped the day she was stabbed, but she continued to limp for days afterward. Additionally, several witnesses testified to the dog's personality and behavior prior to May 28; specifically, she was noted to be a sweet dog who did not engage in aggressive behavior.

As a result of this incident, the State charged Menton on June 5, 2014, with animal torture, in violation of Iowa Code section 717B.3A(3)(a)(1). A jury trial was held from August 12 to 15, 2014, in which Menton asserted the defense of intoxication. Menton moved for a judgment of acquittal, asserting a sufficiency argument, which the district court denied. The jury returned a guilty verdict. On September 24, 2014, the district court sentenced Menton to a term of incarceration not to exceed two years and renewed the no-contact order in favor of M.M. and the dog. Menton appeals his conviction.

## II. Standard of Review

We review ineffective-assistance-of-counsel claims de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). A defendant may raise this claim on direct appeal if the record is adequate to address the claim, and we may either rule on the merits or preserve the claim for possible postconviction proceedings. *Id.* To succeed on this claim, the defendant must show, first, that counsel breached an essential duty and, second, that he was prejudiced by counsel's failure. *Id.*

We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Quinn*, 691 N.W.2d 403, 407 (Iowa 2005). We view the record in the light most favorable to the non-moving party—here, the State—and make all legitimate inferences and presumptions that may be reasonably

deduced from the evidence. *Id.* If substantial evidence supports the verdict, we will affirm. *Id.* Evidence is substantial if it would convince a reasonable trier of fact the defendant is guilty beyond a reasonable doubt. *Id.*

**III. Vagueness**

Menton first argues trial counsel was ineffective for failing to assert Iowa Code section 717B.3A(1) is void for vagueness, as applied to Menton. He claims the meaning of the phrase "severe physical pain" is unclear, particularly given that pain is a subjective experience. Additionally, Menton asserts the legislature failed to define the offense so a reasonable person would understand the prohibited conduct by using the subjective phrase "severe physical pain" as opposed to a "serious injury," which is an objective phrase. Consequently, he claims, a conviction achieved pursuant to this statute is unconstitutional, and counsel was ineffective for failing to assert this argument.

Courts presume statutes are constitutional and "a challenger must prove the unconstitutionality of the statute beyond a reasonable doubt." *State v. Heinrichs*, 845 N.W.2d 450, 455 (Iowa Ct. App. 2013). The challenger must "negate every reasonable basis to sustain" the statute. *Id.* Additionally, the vagueness doctrine is defined in the following manner:

> First, a statute cannot be so vague that it does not give persons of ordinary understanding fair notice that certain conduct is prohibited. Second, due process requires that statutes provide those clothed with authority sufficient guidance to prevent the exercise of power in an arbitrary or discriminatory fashion. Third, a statute cannot sweep so broadly as to prohibit substantial amounts of constitutionally-protected activities, such as speech protected under the First Amendment.

*Id.* at 454. When determining whether a statute is unconstitutionally vague, we must focus on whether "the defendant's conduct clearly falls within the proscription of the statute under any construction," and whether defendant had "fair warning [his actions] fell within the statutory prohibition." *State v. Musser*, 721 N.W.2d 734, 745 (Iowa 2006).

Iowa Code section 717B.3A(1) states: "A person is guilty of animal torture, regardless of whether the person is the owner of the animal, if the person inflicts upon the animal severe physical pain with a depraved or sadistic intent to cause prolonged suffering or death."

Here, Menton takes issue with the severe-physical-pain element contained in this statute. Menton is correct that the code does not define severe physical pain and that pain is a subjective experience, especially as must be interpreted as between a dog victim and a human jury. However, these words have an ordinary meaning, and a reasonable person would understand the connotation. A New York court stated it well when it noted: "[T]he term 'extreme physical pain' uses ordinary terms to express ideas that find adequate interpretation in everyday usage and understanding. The term 'extreme physical pain' is not so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application."[4] *See People v. Knowles*, 709 N.Y.S.2d 916, 919–20 (N.Y. 2000) (internal citations omitted).

Given its "everyday usage and understanding," we conclude Iowa Code section 717B.3(1) is not void for vagueness. A reasonable person would

---

[4] We also find it persuasive that Congress declined to define "severe physical pain" in the code section describing torture, though it defined "severe mental pain and suffering." *See* 18 U.S.C. § 2340(1), (2) (2015).

understand the meaning of severe physical pain; consequently, Menton could interpret from this phrase that his conduct of punching, stomping, kicking and stabbing the dog would cause the animal to suffer severe physical pain. *See* Webster's Third New Int'l Dictionary 2081 (2003) (defining the word severe as "inflicting physical discomfort or hardship," "inflicting pain or distress," and "of a great degree or an undesirable or harmful extent"); *see also* Iowa Code § 717B.3A(3)(a)(1); *Musser*, 721 N.W.2d at 745. Therefore, we do not agree with Menton's claim the statute is void for vagueness. As a result, trial counsel did not breach an essential duty in not pursuing this vagueness argument, and Menton's ineffective-assistance claim fails. *See State v. Greene*, 592 N.W.2d 24, 29 (Iowa 1999) (noting counsel does not breach an essential duty when he declines to assert a meritless argument).

**IV. Sufficiency of the Evidence**

Menton next claims the district court erred in denying his motion for judgment of acquittal because the State failed to meet its burden showing Menton satisfied the elements of the crime of animal torture. Specifically, relying on the vagueness argument discussed above, he asserts the evidence was insufficient to show the dog suffered severe physical pain, because "severe physical pain" necessarily should accompany "severe physical injury." He claims a serious injury must be established, but herethe prosecution failed to show the dog suffered a serious injury. Alternatively, he frames this as an ineffective-assistance-of-counsel argument. He further argues he did not have the intent necessary to commit the crime of animal torture, that is, he did not injure the dog with the depraved or sadistic intent to cause prolonged suffering or death.

To commit the crime of animal torture, the defendant must act with a depraved or sadistic intent so as to cause the animal prolonged suffering or death. *See* Iowa Code § 717B.3A(3)(a)(1). The jury was instructed:

> Depraved intent or sadistic intent means more than an intent to cause prolonged suffering or death.
> Depraved intent means acting with a purpose that was:
> 1. Perverted or
> 2. Heinous/shockingly atrocious (extreme wickedness, brutality or cruelty) or
> 3. Heinous/odious (hateful) or
> 4. Morally horrendous/moral depravity (shameful wickedness or an extreme departure from ordinary good morals as to be shocking to the moral sense of the community or an act of vileness).
> Sadistic intent means intent to derive pleasure from inflicting physical or mental pain upon another person or animal.

Given this standard, substantial evidence supports the jury's finding that Menton acted with the requisite intent necessary to commit this crime. Evidence showed Menton stomped, kicked, and punched the dog while she was lying in a corner on her bed. The assault lasted for approximately two minutes until Menton was pulled off of the dog, and the dog was taken outside. Menton then grabbed a knife and went after the dog again, stabbing her twice following his declaration that he wanted to make her bleed. Viewing the evidence in the light most favorable to the verdict, a reasonable person could conclude beyond a reasonable doubt that Menton had the "depraved or sadistic intent to cause prolonged suffering or death." *See* Iowa Code § 717B.3A(1); *see also Quinn*, 691 N.W.2d at 407.

Notwithstanding, the State asserts, and we agree, that Menton failed to preserve error with regard to the physical-pain argument, given he did not raise this issue in his motion for judgment of acquittal. *See Lamasters v. State*, 821

N.W.2d 856, 864 (Iowa 2012) (holding the issue must be presented to the district court, which must then rule on it before error can be preserved). But because Menton also frames this argument as an ineffective-assistance claim, we will address it in that framework.

As noted above, we have concluded section 717B.3A is not void for vagueness. Moreover, "severe physical pain" are common words that are easily understood; consequently, they are not vague to a point a reasonable person would not be aware that he was committing a crime when attacking an animal causing an animal severe physical pain. *See Heinrichs*, 845 N.W.2d at 455.

Furthermore, substantial evidence supports the jury's conclusion the dog suffered such pain. Menton beat her for approximately two minutes then stabbed her with a knife, and for days afterward, by her behavior, she appeared to be suffering from her injuries. Though the lacerations were not particularly deep, she continued to bleed and limp long after she was stabbed. Viewing this evidence in the light most favorable to the verdict, it is reasonable to conclude the injuries Menton inflicted on the dog caused severe physical pain. Consequently, trial counsel had no duty to assert a meritless objection, and Menton's claim fails. *See Greene*, 592 N.W.2d at 29 (noting counsel is not ineffective for declining to assert a meritless argument).

**V. Ineffective Assistance**

Menton's final argument asserts trial counsel was ineffective in two additional respects. First, that counsel failed to object to the jury instructions, which did not define "severe physical pain." His second argument claims counsel breached an essential duty when not objecting to statements made by the

prosecutor during closing arguments, which constituted prosecutorial misconduct. He asserts he was prejudiced by counsel's failures and that he should be granted a new trial.

With respect to the jury-instruction argument, we find no breach of duty. As noted above, "severe physical pain" is a phrase of common meaning and easily within the average person's understanding. *See Knowles*, 709 N.Y.S.2d at 919–20. Consequently, trial counsel had no duty to object to the lack of a definitional jury instruction, and Menton's ineffective-assistance claim fails. *See Greene*, 592 N.W.2d at 29 (noting counsel is not ineffective for failing to assert a meritless argument).

Regarding Menton's prosecutorial-misconduct claim, he complains of the following statement made by the State:

> What do we know about the dog? What would the dog tell us if she were able to come up these steps and sit on this chair and talk to you? What would the dog say? She'll say, she was just man's best friend. I just tried to—he tried to make the dog look like a pit bull, like a dangerous vicious creature. Tried to say she was a pit bull and that pit bulls bite. But what do we know about the dog from the testimony we heard here? All we know is that she was— she was loving and that's what the dog would say, she'd say, I just love to cuddle. I could cuddle all of us here right now and just be happy. I just love being a dog and being happy and being innocent.
> She may tell you that I didn't like violence, say, I don't like violence and I only intervened when my master was being violent to my family. I only intervened to say, please, stop it. You're causing a big ruckus in the morning. We're just waking up. I was just intervening because I was worried he was being aggressive to someone who is family; that I was trying to ask him to reason and to be a reasonable person. That's all. And that the only way, maybe, he could understand my asking was to grab his attention. I didn't bite him, I just grabbed his attention. Hey, please stop this nonsense. And then he—he stabbed me. The dog's character was on record. She didn't do nothing, we are told. She never had a history of attacking people. They repeatedly told us she was just

loving, sweet. She was a sweet dog. She was man's best friend. Now, her innocence is gone.

We do not agree with Menton's claim these statements amount to prosecutorial misconduct. While the State cannot "make inflammatory or prejudicial statements regarding a defendant in a criminal action," he is entitled some latitude during closing arguments. *See State v. Graves*, 668 N.W.2d 860, 874 (Iowa 2003). No one in the courtroom speaks "dog." Therefore, the characterization of what the dog was experiencing through the testimony of the observing witnesses, could well be sorted out by the jury. Such characterization by the prosecutor does not rise to an inflammatory statement such that the prosecutor, "vouch[ed] personally as to a defendant's guilt or a witness's credibility." *See State v. Williams*, 334 N.W.2d 742, 744 (Iowa 1983). Moreover, these statements were based on the record—the State elicited testimony regarding the dog's character and behavior prior to the date of the crime. The testimony was clear on the day of the incident: the dog was attempting to protect M.M. from Menton's aggressive conduct. Arguments based on evidence presented at trial are permissible. *See Graves*, 668 N.W.2d at 874. Nor did the prosecutor express his personal beliefs during closing argument. *See id.* Consequently, the State did not engage in prosecutorial misconduct, and this claim is without merit. Additionally, trial counsel is not ineffective if he fails to assert a meritless argument; therefore, Menton's ineffective-assistance claim he asserts on appeal fails. *See Greene*, 592 N.W.2d at 29.

For these reasons, we affirm Menton's conviction and sentence to animal torture, in violation of Iowa Code section 717B.3A(3)(a)(1).

**AFFIRMED.**